W. B. Yarbrough v. Mrs. A. W. Collins.

No. 601.—Decided December 6, 1897.

1. **Appeal Bond—Justice Court.**

A bond on appeal from Justice Court, under Rev. Stats. (1879), art. 1670, is sufficient if it is in double the amount of the judgment exclusive of costs. (Pp. 307, 308.)

2. **Same—Statutory Construction—Revision—Omission.**

The omission in the Rev. Stats. of 1879, art. 1670, of the words "and interest and costs," found in sec. 21, Act Aug. 17, 1876, is held to show an intent to change the former law. (P. 308.)

3. **Same—Cases Reviewed.**

Colorado County v. Delaney, 54 Texas, 280, approved; Bell v. Brown, 11 Texas Civ. App., 526, overruled; Owens v. Levy, 1 White & W. C. C., sec. 409, and Ross v. Williams, 78 Texas, 371, distinguished. (Pp. 308, 309.)

Question certified from Court of Civil Appeals for Fifth District, in an appeal from District Court, Henderson County.

*Faulk & Faulk,* for appellant.—The court erred in sustaining plaintiff's motion, filed February 18, 1897, to dismiss the appeal on the ground that the appeal bond was not given in an amount double the judgment and cost in said cause; because the bond was sufficient in law, being given in double the amount of the judgment, which is $64.75 and the bond was for $135. Colorado Co. v. Delaney, 54 Texas, 280; Ross v. Williams, 78 Texas, 371; Owens v. Levy, 1 White & W. C. C., sec. 409; King v. Longcope, 7 Texas, 236; Davis v. Pinckney, 20 Texas, 340; Hartley's Dig., art. 1739; Paschal's Dig. (act 1866), arts. 1205-6, 468; Session Acts, 1870, secs. 11-26, pp. 98-107; 1876, sec. 21, p. 163; Rev. Stats. 1879, art. 1639; Sayles' Rev. Stats., art. 1639 (including amendments); Rev. Stats. (1895), art 1670; Bell v. Brown, 33 S. W. Rep., 303.

*Richardson, Watkins & Miller,* for appellee.—The costs being made by statute a part of the judgment, a bond cannot be in double the amount of the judgment which does not include the costs. Rev. Stats. (1895), arts. 1643, 1670; Bell v. Brown, 33 S. W. Rep., 303; Ross v. Williams, 78 Texas, 371; Owens v. Levy, 1 White & W. C. C., 409.

GAINES, Chief Justice.—The following question has been certified for our determination by the Court of Civil Appeals for the Fifth Supreme Judicial District:

"This case originated in the Justice's Court, and from the judgment rendered in that court an appeal was taken to the District Court—exercising the jurisdiction ordinarily attaching to County Courts. In the Justice's Court the plaintiff obtained judgment for the $64.75, and the costs were adjudged to be paid by the defendants; the transcript from the Justice's Court showed the costs of that court to be $6.20. In per-

fecting their appeal from the judgment rendered in the Justice's Court the defendants executed a supersedeas appeal bond in the sum of $135—which was double the amount of the judgment, not including the costs of the Justice's Court, but less than double the amount of the judgment and costs of the Justice's Court. The District Court dismissed the appeal because the appeal bond was not sufficient in amount; holding that it should be in double the amount of the judgment, including the costs of the Justice's Court. From this judgment of dismissal an appeal was perfected to this court.

QUESTION.—"Under Article 1670 Revised Statutes providing for appeals from justice courts, is it necessary to give bond in double the amount of the judgment, including the costs of the Justice's Court; or, would the bond be sufficient if given in a sum equal to double the amount of the judgment, not including the costs?

"N. B. This question is certified on account of the conflict of decisions, and to the end that the law governing appeals from justice courts may be settled. See Colorado County v. Delaney, 54 Texas, 280; Bell v. Brown, 33 S. W. Rep., 303; Owens v. Levy, 1 White and Willson, Civil Cases, sec. 409."

The point was distinctly presented in the case of Colorado County v. Delaney, referred to in the note appended to the question, and was in our opinion there rightly decided. All our statutes passed before the adoption of the Revised Statutes of 1879, which attempted to provide for an appeal from judgments rendered in justice courts, required that the appellant should give bond in double the amount of the judgment, interest and costs. The Act of August 17, 1876, which provided for the election of justices of the peace and defined their powers and jurisdiction, was in force when the Revised Statutes of 1879 were adopted, and the provisions of that act are carried into the revision with but slight changes in the language. Some of these changes do not alter the sense, while others in some minor particulars alter its substance and effect. Section 21 of that act reads in part as follows:

"Sec. 21. That any party, his agent or attorney, may appeal from any final judgment in any civil cause rendered by a Justice of the Peace to the County Court of the county in which such final judgment shall have been rendered, upon notice thereof being given in open court; provided, that the amount of the judgment appealed from or the amount in controversy shall exceed twenty dollars exclusive of costs; provided further, that the party appealing shall within ten days after the rendition of said judgment, file with such Justice a bond, with one or more good and sufficient sureties, in a sum at least double the amount of such judgment (if any) and interest and costs, payable to the appellee, conditioned that the party appealing shall prosecute his appeal to effect, or shall pay and satisfy the judgment or decree that may be rendered against the obligors in such bond."

The corresponding provisions of the Revised Statutes of 1879 are found in articles 1638 and 1639, which are as follows:

"Art. 1638. Any party to a final judgment in the justice's court may appeal therefrom to the county court where such judgment, or the amount in controversy, shall exceed twenty dollars exclusive of costs, and in such other cases as may be expressly provided by law.

"Art. 1639. The party appealing, his agent or attorney, shall give notice thereof in open court during the term at which the judgment was rendered, and shall afterward, within ten days from the date of the judgment, file with the justice a bond, with two or more good and sufficient sureties to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal."

The Revised Statutes of 1879 were compiled by a body of able and careful lawyers, and it is apparent that when they wrote the articles quoted they not only had the act of 1876, but intended to embody its provisions as far as they were deemed salutary, and its language as far as practicable. It is therefore manifest that the omission of the words "and interest and costs" was not without a purpose. That the revisers did not consider that the words "the amount of the judgment" would include the costs is shown by the fact that article 1404, which provides for a supersedeas bond on an appeal to the Supreme Court, declares that it shall be in double the amount of the judgment, interest and costs. The judgments of justice courts are often arbitrary and unjust; and it is reasonable to presume, that it may have been intended to facilitate appeals therefrom by removing all onerous and unnecessary restrictions. As a rule where the plaintiff obtains a judgment, double that amount is sufficient to secure the judgment and costs upon appeal. If he fails in his suit in the justice court and is adjudged to pay the costs, it is not oppressive to permit him to appeal without bond, for the reason that the defendant may require him in the first instance to give security for the costs. Rev. Stats., 1879, art. 1566. The Constitution provides that appeals "shall be allowed in all cases decided in justice's courts, when the judgment is for more than twenty dollars exclusive of costs;" and while it is within the power of the Legislature to regulate such appeals, it is their right to determine in their own wisdom in what cases bonds shall be required.

In the case of Owens v. Levy (1 White & W., Civ. Cas., sec. 409) the former Court of Appeals declined to follow the decision of this court in Colorado County v. Delaney, cited above. The question in the two cases was not the same. In Owens v. Levy there was a judgment in the Justice Court for the defendant and that the plaintiff should pay the costs. The plaintiff appealed, giving an appeal bond with the conditions prescribed in article 1639 of the Revised Statutes of 1879. His appeal was dismissed in the County Court upon the ground that his appeal bond did not describe the judgment and probably also that it was

not conditioned as required by law. He again appealed, and the Court of Appeals held that the bond was good. The court first hold that the description of the judgment in the bond, in the light of the transcript, was sufficient. Then they proceed to discuss a question, which had been "suggested," whether the bond should not have followed the requirements of article 1400 instead of article 1639 of the Revised Statutes of 1879. They further hold, that article 1400 did not apply to the case, and reversed the judgment and remanded the cause—thus holding that the bond was good. Under their very clearly expressed views as to the proper construction of the statute, they could not have held the bond sufficient, unless it had complied with article 1639 and been for a sum at least double the amount of the costs adjudged against the appellant. The court in arguing the point express their disapproval of the ruling in Colorado County v. Delaney, but the determination of the question in that case was not necessary to the decision of the case before them. All that it was necessary for them to say in the disposition of the case was, that if a bond was required the appellant had given a proper bond and that if none was required, it matters not what character of a bond, was given. Ross v. Williams (78 Texas, 371) involved the same question which was before the court in Owens v. Levy. The question now certified was before the court in neither case. There is this difference in the opinions—that in the remarks of the court in Ross v. Williams there is no intimation that the decision of this court in Colorado County v. Delaney was incorrect.

Counsel for appellee insist in argument, that the Revised Statutes of 1879 required that the costs be made a part of the judgment, and that this accounts for the omission to mention the costs in article 1639. We understand the point made to be that, since under the Revised Statutes the costs were to be incorporated in the judgment, the words "the amount of the judgment" would necessarily include costs, and therefore it was unnecessary to mention them. But the act of 1876, previously referred to, in several provisions, makes it the duty of the justice to adjudge the costs at the same time that he enters judgment upon the matter in controversy. The Revised Statutes made no change in this particular.

We conclude that since the bond was for a sum double the amount of the judgment exclusive of costs it was sufficient and our opinion will be so certified.