Houston & Texas Central Railroad Company v. The Red Cross
Stock Farm.

91   628
f92   153

No. 654.—Decided April 18, 1898.

**Appeal Bond—Justice Court—Judgment for Costs.**

A plaintiff in justice court may appeal from a judgment in defendant's favor for costs without giving bond. The right of appeal is given by the Constitution (art. 5, sec. 19) and the requirement of a bond in double the amount of the judgment (Rev. Stats., art. 1670) applies only when a judgment is rendered for some amount other than costs. (Pp. 629, 630.)

Question certified from the Court of Civil Appeals for the Third District.

*Waller T. Burns* and *Oswald S. Parker*, for appellant.

*John Dowell*, for appellee.

BROWN, Associate Justice.—The Court of Civil Appeals for Third Supreme Judicial District has certified to this court the following statement and question:

"This suit was instituted in the justice court of Travis County, by the Red Cross Stock Farm, against the Houston & Texas Central Railroad Company, for damages resulting from the negligent killing of certain animals owned by the plaintiff. A judgment was rendered in the justice court to the effect that the plaintiff take nothing by its suit, and that the defendant recover against the plaintiff all costs of suit. From that judgment, the plaintiff appealed to the County Court of Travis County, and executed a bond, which the County Court held to be defective; and which was held by this court also to be defective, in failing to state one of the conditions required by the statute in appeal bonds from the justice court.

"The County Court permitted the plaintiff to correct the defect in the original bond in this respect, by filing a new bond. The case was tried in the County Court, and judgment was there rendered in favor of the plaintiff. On appeal to the Court of Civil Appeals of the Third Supreme Judicial District, that court, in an opinion delivered January 12, 1898, held that the County Court had no authority, after the time required in which appeal bonds should be filed in the justice court, to permit a new bond to be filed, correcting and curing errors in the original bond in matters of substance, and the judgment of the court below was reversed, with instructions to that court to dismiss the appeal from the justice court.

"Subsequently the Red Cross Stock Farm filed a motion for rehearing in this court, which motion is still pending and undetermined, and in that motion the attention of the Court of Civil Appeals was called to the case of Yarbrough v. Collins, 42 S. W. Rep., 1052 (ante, p. 306), recently decided by the Supreme Court of this State.

"Now, the Court of Civil Appeals of the Third Supreme Judicial District of Texas, and the Chief Justice thereof, certify to the Supreme Court of Texas, for its determination, the following question:

"Is a plaintiff in the justice court, who sues on a monied demand, and upon trial in that court, judgment is rendered against him for the costs of the suit, and to the effect that he take nothing by his suit against the defendant, required, in order to appeal to the County Court, to enter into an appeal bond, as required by article 1670 of the Revised Statutes? Or, in other words, in such a case, is he required to execute at all an appeal bond?"

Section 19, of article 5, of the Constitution of the State contains this language: "Appeals to the county courts shall be allowed in all cases decided in justices' court when the judgment is for more than twenty dollars, under such regulations as may be prescribed by law." Article 1668 of the Revised Statutes of the State is in the following words: "Any party to a final judgment in the justice court may appeal therefrom to the County Court where such judgment or the amount in controversy shall exceed twenty dollars exclusive of costs, and in such other cases as may be expressly provided by law." Under these provisions of the Constitution and the Statutes of the State the right of appeal is given generally and is not made dependent upon the giving of any bond whatever; but in the regulation of appeals from justice courts the Legislature enacted article 1670, from which we extract the following as applicable to the question now before the court: "The party appealing, his agent or attorney, shall, within ten days from the date of the judgment, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgement which may be rendered against him on such appeal." This is the only provision of the Statutes that requires the giving of bond to perfect an appeal from justice courts, and if the party who seeks to appeal does not come within its terms he is entitled to appeal without bond, because every party to a judgment in the justice court is given the right of appeal under the provisions of the Constitution and Statutes above quoted.

Article 1670 requires bond to be given only in case the judgment is rendered for some amount, for it is evident that if there be no amount recovered, no bond can be given under the requirements of that article. In the case of Yarbrough v. Collins, ante p. 306, this court held that where a judgment of a justice of the peace was for the sum of $64.75 and the cost was $6.20, a bond for twice $64.75 was a compliance with the requirements of article 1670 and was in double the amount of the judgment, the costs being no part of the "amount" recovered.

If the costs of the suit are no part of the "amount" of the judgment when it is rendered for a sum other than the costs, then it cannot become "the amount" of a judgment by which the plaintiff is adjudged to take

nothing by his suit; and there being no "amount" of such judgment within the meaning of the law, the case does not come under article 1670, and appeal may be prosecuted without bond if the amount in controversy exceeds the sum of twenty dollars.

The opinion written by Gaines, C. J., in the case of Yarbrough v. Collins, above cited, was the result of careful investigation and a thorough consideration of this question, and it so clearly demonstrates the correctness of the conclusion arrived at that it is unnecessary for us to do more than to refer to it in support of this opinion.

After appeal from a justice court has been perfected the case stands for trial de novo in the County or District Court—as the case may be— and is a civil suit pending in such court within the meaning of article 1440, Revised Statutes, which provides that "the plaintiff in any civil suit may, at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, be ruled to give security for costs." The case after appeal stands in the court to which the appeal is taken as if it had been originally instituted in that court and all pleadings and proceedings thereafter must be conducted according to the rules governing the court in which it is pending. Tadlock v. Walden, 4 Ct. of App., Civ. Cases, sec. 309.

The defendant or officers of court could, before appeal, demand security for costs in the justice court or, if not demanded before appeal, then the same right would exist in the District or County Court when the case had reached that court, and it is a wise provision to leave the matter of securing costs to the parties and the court in which the case was pending at the time the necessity for security might be made manifest. In the case of Yarbrough v. Collins, before cited, Justice Gaines used the following language: "Judgments of justice courts are often arbitrary and unjust, and it is reasonable to presume that it may have been intended to facilitate appeals therefrom by removing all onerous and unnecessary restrictions. * * * If he (plaintiff) fails in his suit in the Justice Court and is adjudged to pay the costs, it is not oppressive to permit him to appeal without bond, for the reason that the defendant may require him in the first instance to give security for the costs. * * * While it is within the power of the Legislature to regulate such appeals, it is their right to determine in their own wisdom in what cases bond shall be required."

We answer, that when judgment in the Justice Court is rendered against the plaintiff that he take nothing by his suit, no amount being recovered against him in that court, he may appeal to the proper court without bond.