## E. EDWARDS v. F. M. MORTON.

No. 679. Decided June 20, 1898.

**1. Statutory Construction—Intention Preferred to Literalism.**

The construction required by literal adherence to the words of a statute will not be followed where it would depart from true intention of the legislators. (Pp. 153, 154.)

**2. Justice Court—Bond on Appeal.**

Article 1670, Revised Statutes, requiring the party appealing from justice court to give bond in double the amount of the judgment, applies only to cases where such judgment is rendered against the appellant. One who recovers a judgment for an amount less than that claimed and for costs, may appeal therefrom without bond. (Pp. 153-155.)

**3. Justice Court—Appeal—Notice.**

No notice of appeal from justice to county court is necessary. Where the appellant is not required to give bond he may take his appeal by requesting the justice to make out the transcript (Revised Statutes, article 1673), and transmitting it, with the original papers, to the clerk of the county court. (Pp. 154, 155.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

*Hinton Smith*, for appellant.—Appeal bonds from justice courts must be in double the amount of the judgment. Rev. Stats 1895, art. 1670; Bell v. Brown, 33 S. W. Rep., 303.

*R. Cobb*, for appellee.—Where plaintiff appeals there is no judgment in the court against him for more than the costs, and consequently his bond will be in double the costs. Scott v. Allen, 1 Texas, 508; 1 Sayles' Stats., arts. 1433, 1639; Owens v. Levy, 1 White & W. C. C., 177.

*Ward & James* also filed argument for appellee on the certified questions, citing Yarbrough v. Collins, 91 Texas, 306; Railway v. Red Cross Stock Farm, 91 Texas, 628.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for Second Supreme Judicial District has certified to this court the following statement and questions:

"This suit was instituted in the Justice Court by F. M. Morton against E. Edwards upon a promissory note for $146.25. He recovered judgment in that court for the sum of $60.61 and costs of suit (amounting to $5.20), the amount of the claim being thus reduced on account of a credit of $75 being allowed as claimed by defendant Edwards; all of which appears from the recitals in the judgment.

"On the day the judgment was rendered Morton filed with the justice of the peace an appeal bond in the sum of $15. A transcript was at once made out by the justice of the peace, and filed, within ten days after the judgment, in the County Court, where a motion was made by Edwards to dismiss the appeal, because the appeal bond was insufficient in amount, which motion was by the court overruled; and to this action

the first error is assigned on appeal to this court, the judgment here appealed from having been rendered in the County Court in favor of Morton against Edwards for the full amount sued for. No notice of appeal from the Justice to the County Court is shown.

"It being manifest that the appeal bond filed in the Justice Court was insufficient in amount, the question arises, since the decisions of your honors in Yarbrough v. Collins, 42 Southwestern Reporter, 1052, and in Houston & Texas Central Railroad Company v. Red Cross Stock Farm, 45 Southwestern Reporter, 375, overruling, in effect, the previous decision made by this court in Bell v. Brown, 33 Southwestern Reporter, 303, whether, in the state of case above given, Morton was required, in taking an appeal from the Justice to the County Court, to give any appeal bond, the case being unlike the one stated in Houston & Texas Central Railroad Company v. Red Cross Stock Farm, supra, in that, besides denying a recovery to the extent of the credit allowed, the court rendered judgment in favor of Morton for a specified amount, and rendered no judgment against him for costs, but it seems to be covered by the logic of the opinion in that case.

"We therefore deem it advisable to certify to your honors for decision:

"Whether the rule of construction announced in Houston & Texas Central Railroad Company v. Red Cross Stock Farm should be applied to the case at bar?

"And if so, whether in appeals from the justice to the county court, where your honors hold that no bond is required, it is necessary to give notice of appeal?

"And if not necessary, then how is an appeal taken in such cases, and when is it perfected?"

To the first question we answer that the rule announced in the case of Houston & Texas Central Railroad Company v. Red Cross Stock Farm, 91 Texas, 628, applies to this case.

Section 19 of article 5 of the Constitution reads as follows: "Appeals to the county courts shall be allowed in all cases decided in justice courts when the judgment is for more than twenty dollars, under such regulations as may be prescribed by law." We held in Railway v. Red Cross Stock Farm, cited above, that this section of the Constitution, together with article 1668 of the Revised Statutes, secures the right of appeal to all parties when the judgment or the amount in controversy comes within the terms of the Constitution. The right of appeal can not be denied by the Legislature, but may be regulated by laws prescribing the manner in which such appeals shall be prosecuted. Article 1670 of the Revised Statutes requires bond to be given in case the judgment is rendered for some amount. This refers to those judgments which are rendered against the appellant, and not to the amount of a judgment which is rendered in his favor. The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of the statute when it leads away from the true in-

tent and purpose of the Legislature and to conclusions inconsistent with the general purpose of the act. Judge Moore properly characterized that kind of construction which disregards the intention and adheres to the letter of an act in the following language: "If the courts were in all cases to be controlled in their construction of statutes by the mere literal meaning of the words in which they are couched, it might well be admitted that appellants' objection to the evidence was well taken. But such is not the case. To be thus controlled, as has often been held, would be for the courts in a blind effort to refrain from an interference with legislative authority by their failure to apply well-established rules of construction to, in fact, abrogate their own power and usurp that of the Legislature, and cause the law to be held directly the contrary of that which the Legislature had in fact intended to enact. While it is for the Legislature to make the law, it is the duty of the courts to 'try out the right intendment' of statutes upon which they are called to pass, and by their proper construction to ascertain and enforce them according to their true intent. For it is this intent which constitutes and is in fact the law, and not the mere verbiage used by inadvertence or otherwise by the Legislature to express its intent, and to follow which would pervert that intent." Russell v. Farquhar, 55 Texas, 355.

It is true that article 1670 requires that the appellant shall give bond in double the amount of the judgment, and in this case there is "an amount of the judgment," but it is against the appellee and not against the appellant; the Legislature never intended that a man should give bond to secure a debt payable to himself, and to a party from whom the debt is due. It follows that the same rule applies in this case as if the plaintiff had been adjudged to recover nothing and the defendant had been discharged.

The statute does not require that the appellant shall give notice in the justice court of his appeal to the county court, and courts have no power to prescribe such a rule. No such notice is necessary to perfect an appeal from the justice court to the county court.

Neither bond nor notice of appeal being required, the appellant could take his appeal by requesting the justice of the peace to make out the transcript required by article 1673 and transmit it with the original papers to the clerk of the county court. Article 1673 requires the justice to perform this duty whenever an appeal has been granted, but neither the justice of the peace nor any other officer has power to grant or refuse an appeal, and we understand the language to mean that when the parties have so complied with the law as that they are entitled to prosecute the appeal, the certified transcript and original papers must be forwarded. An appeal is perfected under article 1672, Revised Statutes, if bond or affidavit be filed, when the parties have placed themselves by compliance with the law in position to demand of a justice of the peace the transmission of the original papers and a transcript from his record to the county court; and in case no bond is required the appeal is perfected, that is, the county court obtains jurisdiction when the

original papers and transcript are returned to that court. Whether bond be required or not, the statute prescribes that before the appellant can proceed to trial in the court to which the appeal is taken a written notice of the appeal must be served upon the appellee at least five days before the first day of the term at which such case might be tried.

All of the provisions of the statute regulating appeals from a justice court to the county court must be complied with in each case so far as applicable, but the law does not require one to do a foolish and useless thing. No one can be denied the right of appeal because the Legislature has not provided that he should execute a bond or do any particular act, but each party has the constitutional right to appeal if he complies with such regulations as have been prescribed by the Legislature for the class of cases to which his belongs.