## D. R. BROWN v. W. F. DUTTON.

Decided February 15, 1905.

**1.—Judgment—Citation by Publication—Statutory Revision.**

· A proceeding under article 1375, Revised Statutes, to set aside a judgment rendered on service of citation by publication, is to be tried as a proceeding separate from the original cause, and the method of appeal will be governed by the judgment rendered in such proceeding, without reference to judgment in the original cause.

**2.—Same—Justice Court.**

Under article 1677, Revised Statutes, making the procedure in District and County Courts applicable to Justice Court where not otherwise provided, a justice of the peace is authorized to entertain proceedings under article 1375, Revised Statutes, to set aside a judgment obtained in his court upon citation by publication.

**3.—Same.**

A defendant, against whom judgment was obtained in Justice Court upon citation by publication, may appeal from a judgment dismissing his action for a review thereof under article 1375, Revised Statutes, without filing an appeal bond, as in other cases where no judgment is rendered except for costs.

Appeal from the County Court of McCulloch. Tried below before Hon. Joe A. Adkins.

*C. A. Wright* and *Shropshire & Hughes,* for appellant.—Dutton did not take any judgment in any amount against Brown in cause No. 578. The law requires an appellant from a justice's judgment to give bond in double the amount of the judgment against appellant. As there was no amount recovered against appellant, Brown, in cause No. 578, no bond was necessary, and consequently no affidavit in lieu of bond to entitle Brown to his appeal to the County Court. Houston & T. C. Ry. Co. v. Red Cross S. F., 91 Texas, 628, 45 S. W. Rep., 375; Ross v. Williams, 78 Texas, 371, 14 S. W. Rep., 796.

Under Revised Statutes, article 1375, and Revised Statutes, article 1650,

a defendant, when sued by publication in Justice Court, has two years within which to institute proceedings for a new trial if he had no actual knowledge of the pendency of the suit, and was not represented therein by an attorney of his own choice. This remedy applies as well against judgment in the Justice Court as against such judgments in the County and District Courts. Revised Statutes, art. 1652, has application only to judgments had in Justice Courts on personal service and actual notice to the defendant, and was not intended to abrogate the remedy afforded under Revised Statutes, art. 1375. Rev. Stats., arts. 1650, 1375, 1651, 1652; Cundiff v. Teague, 46 Texas, 478; Sutherland on Statutory Construction, secs. 217, 369, 395, and 2d ed. Am. & Eng. Ency. of Law, vol. 26, pp. 616, 617, 618, 619, 620, 623; Yarbrough v. Collins, 91 Texas, 308, 42 S. W. Rep., 1053; Miles v. Dana, 13 Texas Civ. App., 245, 36 S. W. Rep., 850. That Justice and County Courts have full equity powers in such matters, see Crawford v. Sandridge, 75 Texas, 384, 12 S. W. Rep., 853, 854. That the facts alleged in said pleading were sufficient to invoke the equity powers of the court, see Cundiff v. Teague, 46 Texas, 478; Mussina v. Moore, 13 Texas, 8.

Justice Court judgment, being regular on its face, could only be attacked by direct proceeding in the court that rendered it, and obviously said court had jurisdiction to reopen, set aside, or reform its own decree upon proper showing. The County Court, having acquired jurisdiction for this purpose, could do full equity between the litigants. Odle v. Frost, 59 Texas, 684; Bender v. Damon, 72 Texas, 94, 9 S. W. Rep., 747; Williams v. Haynes, 77 Texas, 283, 13 S. W. Rep., 1030; Crawford v. McDonald, 88 Texas, 630, 33 S. W. Rep., 325; Witt v. Kaufman, 25 Texas Supp., 384; Willis v. Gordon, 22 Texas, 241.

Irrespective of whether or not this suit might have originated in the District or County Court, because of the amount in controversy, the court that rendered the judgment in cause No. 528 had power to reform, correct or avoid same upon proper showing, and the County Court acquired that power by the appeal, and, having thus acquired its jurisdiction, it should have heard the cause on its merits, and done complete equity between the litigants, even though the value of the cattle appropriated under the justice judgment exceeded $200. Munson v. Newson, 9 Texas, 112; Freeman on Judgments (3d ed.), sec. 98, p. 88, and sec. 100, p. 89; Crawford v. McDonald, 88 Texas, 630, 33 S. W. Rep., 325; Willis v. Gordon, 22 Texas, 241.

*F. M. Newman,* for appellee.—Appellant would have no right to appeal from the judgment without giving an appeal bond. The judgment was one overruling a motion for new trial and to set aside a sale wherein a money judgment had been rendered against appellant, and the case is not similar to the line of cases that hold, where a party sues and recovers nothing, that he can appeal without giving bond. In this case there was a judgment against appellant, and the court properly dismissed the appeal on that ground.

Appellee confesses that it is difficult for him to name the action or defense that appellant has been endeavoring to maintain, and it has also been a serious question with appellee as to whether or not he was plaintiff or defendant in the County Court. But, however these matters may

be, the trial court committed no error in sustaining the exceptions of appellee to appellant's petition or motion, whatever it may be. In the first place the Justice Court has no authority, under any circumstances, to set aside its judgment after the expiration of ten days after the same is rendered. The statute giving two years within which to grant new trial in cases of service by publication does not apply to Justice Courts. That statute applies alone to the District and County Courts. The statute prescribes separate laws to govern the Justice Court from those prescribed to govern the District and County Courts. Revised Statutes, article 1647, gives the Justice Court power to render judgment on citation by publication, and chapter 14, title 33, prescribes the time within which a Justice Court can grant a new trial, and the time is limited to ten days. Chapter 17, title 30, governs motions for new trial in County and District Court, and in that chapter is found the two years' provision for new trials in cases of citation by publication. If the Legislature had intended that that provision should apply in Justice Courts, it certainly would have been inserted in chapter 14 of title 33. Appellee can not find that this question has ever been presented to the higher courts of this State, but it seems quite clear that the proposition here made is correct. Parker v. Boyd, 42 S. W. Rep., 1031, and cases cited.

EIDSON, Associate Justice.—*Statement of the case.*—This is an action originally brought by the appellant in the Justice's Court of Precinct No. 1 of McCulloch County, on the 2d day of November, 1903, for a new trial of, and to set aside the judgment in, cause No 528, styled W. F. Dutton v. D. R. Brown, in which the said Dutton recovered in said Justice's Court, on the 2d day of February, A. D. 1903, as the record discloses, a judgment against the said Brown, appellant herein, for the sum of $130.21, and a decree foreclosing an alleged attachment lien upon certain personal property belonging to the said Brown. Said judgment was based upon service of citation by publication upon the defendant in said judgment, the appellant herein.

Appellant, in his petition filed in the Justice's Court, set up as grounds for the new trial of said cause, and setting aside the judgment therein, that he had no actual notice of the institution of said suit, the trial thereof, or the rendition of the judgment therein, until October 16, 1903. And further alleged, in substance, that said suit was brought by appellee in bad faith, and upon a fraudulent and unfounded claim, and that he had paid appellee all that he was due him except $8.55, which he then tendered in court. On January 5, 1904, the Justice's Court held that it had no jurisdiction of this action, and rendered judgment dismissing the same, from which judgment the plaintiff, appellant herein, appealed to the County Court of said county, and made and filed an affidavit of inability to make a proper appeal bond.

In the County Court appellant amended his petition, and set up the grounds upon which he sought a new trial of said cause and to set aside the said judgment against him more fully and in detail; and also set up that said judgment was recovered at the first term of the court after service of the citation by publication, and that he did not appear in person, or by an attorney of his own selection, at any time in said cause No.

528, in which appellee recovered the judgment against him, as above stated, and that no proper statement of the evidence, approved and signed by the justice, had been filed with the papers of the cause, as required by law. Appellant also alleged in said petition that he had paid appellee all that he owed him except the sum of $6.66.

Appellee answered in the County Court by general and special exceptions to appellant's said amended petition and general denial, and specially answered, among other things, that the date, "February 2, 1903," recited in the judgment of the justice of the peace as being the date thereof, was a mistake, and that the true date of the rendition of said judgment was March 2, 1903. Appellant filed a supplemental petition, excepting generally and specially to appellee's answer.

Appellee also filed a motion in the County Court to dismiss appellant's appeal from the Justice's Court, upon the ground that he had not made and filed a proper appeal bond, nor had he made and filed a proper affidavit in lieu thereof, and because no proper transcript of the proceedings in the Justice's Court had been made and filed in the County Court.

The judgment of the County Court recites that, the cause being reached on the docket and called for trial, and the parties having announced ready, the court heard the motion of appellee to dismiss the appeal, and also heard the general and special exceptions of the appellee to the petition of appellant; whereupon a jury was empaneled and sworn, and, after the court had heard evidence to the effect that the final judgment in cause No. 528 of the Justice's Court of Precinct No. 1, Mc-Culloch County, styled W. F. Dutton v. D. R. Brown, was actually made and entered on March 2, 1903, as alleged in said W. F. Dutton's answer filed herein, the court discharged the jury, and sustained said general and special exceptions made by defendant, W. F. Dutton, and also granted said Dutton's motion to dismiss said appeal, and the court rendered judgment dismissing the cause.

*Opinion.* Appellant's first assignment of error complains of the action of the County Court in sustaining the motion of appellees to dismiss the appeal in this cause from the Justice's Court. Appellant's contention being that, as there was no judgment rendered against him for any amount in the Justice's Court, under the law, he was not required to make an appeal bond in order to perfect his appeal to the County Court. Appellant is clearly supported by authority, insofar as he asserts the proposition that the plaintiff, in a suit in the Justice's Court, who recovers nothing, and no judgment is rendered against him except for costs, is entitled to appeal from such judgment without filing an appeal bond. (Houston & T. C. Ry. Co. v. Red Cross Stock Farm, 91 Texas, 628, 45 S. W. Rep., 375.) But appellee contends that this action amounts simply to a motion for a new trial in the original cause, and as in that cause a money judgment was rendered against appellant, he could not appeal therefrom without giving bond; and further, that article 1375, Revised Statutes, does not apply to judgments of justices of the peace.

We disagree with appellee as to both of the above contentions. Articles 1375, 1376, 1377 and 1378 of the Revised Statutes provide as follows:

"Art. 1375.—In cases in which judgment has been rendered on serv-

ice of process by publication, where the defendant has not appeared in person, or by an attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit filed within two years after the rendition of such judgment.

"Art. 1376.—In the cases mentioned in the preceding article a petition shall be filed and service of process made upon the parties adversely interested in the judgment as in other cases.

"Art. 1377.—In the cases mentioned in the two preceding articles, process on such judgment shall not be suspended, unless the defendant or party applying therefor shall give bond, with two or more good and sufficient sureties, to be approved by the clerk, in double the amount of the judgment, or value of the property adjudged, payable to the plaintiff in the judgment, conditioned that the party will prosecute his petition for new trial to effect, and will perform such judgment as may be rendered by the court should its decision be against him.

"Art. 1378.—Where, in such case as is mentioned in the three preceding articles, property has been sold under the judgment and execution before the process was suspended, the defendant, should he defeat the plaintiff's action, shall not recover the property so sold, but shall have judgment against the plaintiff in the judgment for the proceeds of such sale."

These articles evidently indicate that the proceeding provided for is separate from, and not a part of, the original suit; and, in our opinion, the proper practice in such a proceeding is the same as in suit to vacate a judgment. The new trial contemplated by article 1375, supra, is a trial on the allegations of the petition for new trial and the answer thereto, and in this new proceeding the defendant in the original suit becomes a quasi plaintiff. The burden of proof rests on him, and he must show prima facie that the judgment in the original suit was wrong. (Keator v. Case, 31 S. W. Rep., 1099; O'Neil v. Brown, 61 Texas, 34; Taylor v. Fore, 42 Texas, 256.)

In the case of Roller v. Wooldridge (46 Texas, 485), which was a suit to set aside a judgment, brought after the expiration of the term at which the judgment was rendered, the court say: "If Adams, in his petition, had stated good equitable grounds for setting aside the judgment, which was a judgment in an ordinary action at law, the exceptions to it for want of equity should have been overruled, not for the purpose of granting a new trial, but that this suit in equity, as an original proceeding for relief against a judgment at law, might be tried as any other suit seeking equitable relief."

In the case of Overton v. Blum (50 Texas, 423) the court holds that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment was rendered, and that, when a judgment has been obtained by fraud, accident or mistake, and without any want of diligence upon the part of the party against whom it was rendered, the District Court may grant relief by reexamining the case on its merits, and granting such relief as equity and justice may demand.

We conclude that it is clear, from the above authorities, that a proceeding under article 1375, Revised Statutes, supra, to set aside a judgment rendered on service of citation by publication in the District or County

Court, should be tried on the pleadings of the parties in such proceeding, separate from the original case; and that either party may appeal from the judgment in such action or proceeding, and that the method of appeal or practice on such appeal will be controlled by the judgment rendered in such action or proceeding, without reference to the judgment in the original case.

It then remains for us to determine whether said article 1375 applies to judgments of Justice's Courts rendered on service of citation by publication. There is no affirmative statutory provision authorizing the issuance of citation by publication by justices of the peace, but our Supreme Court held, in Davis v. Robinson (70 Texas, 394), that under article 1602 of the Revised Statutes, which is as follows: "All the rules governing the issuance and service and return of citations issued out of the District and County Courts, and providing for acceptance of service and entering of appearance, shall, except where otherwise provided by law, govern also the Justice's court, insofar as they can be applied to the proceedings of said court," justices of the peace were authorized to issue such citation.

Article 1607 of the Revised Statutes provides as follows: "The first day of each term of the Justice's Court, after the return of process duly served in any cause, shall be appearance day; but, where the service was made by publication, the first day of the second term after such publication shall be appearance day." And article 1647, Revised Statutes, is as follows: "No judgment, other than a judgment by confession, shall be rendered by a justice of the peace against any party who has not entered an appearance or accepted or waived service, unless such party has been cited, either personally or by publication."

It is clear, from the above statutory provisions, in connection with the holding of the Supreme Court in the case of Davis v. Robinson, supra, that the Legislature has given justices of the peace authority to issue citation by publication, and to render judgment based upon service obtained by such process. And, in view of the fact that adequate provision has been made for setting aside judgments of the District and County Courts rendered on service of citation by publication, for good cause shown, within two years after the rendition of such judgment, it is unreasonable to suppose that no provision of a similar character has been provided for Justice's Courts; or that no provision has been made making said provision, which is applicable to District and County Courts, also applicable to Justice's Courts. There is no affirmative statutory provision providing a specific method of procedure in Justice's Courts to set aside such judgments, except insofar as the statute providing for a new trial, which is limited to ten days after the rendition of the judgment, may be applicable. This being true, manifestly article 1677 of the Revised Statutes was enacted to supply the absence of such affirmative provision. That article is as follows: "Whenever the mode of proceeding in any particular case or matter is not prescribed by the provisions of this title, or of some other law or title specially relating thereto, the same shall be governed by the provisions of the title relating to the mode of proceeding in the District and County Courts in civil cases, insofar as the same are applicable."

We are of opinion that this article authorized this action to be brought

in the Justice's Court, and that, in view thereof, article 1375 of the Revised Statutes applies to Justice's Courts. A justice of the peace is authorized to try cases involving equitable rights, as well as legal, when he has jurisdiction of the amount in controversy and there are no features of the case specially giving jurisdiction to another court. (Crawford v. Sandridge, 75 Texas, 383, 12 S. W. Rep., 853; Gibson v. Moore, 22 Texas, 611.) The petition of appellant, when properly construed, only set up and sought an adjudication upon matters within the jurisdiction of the Justice's Court.

Without repeating or discussing in detail the allegations of appellant's second amended original petition, we are of opinion that it was not obnoxious to the exceptions of appellee directed against it. (Mussina v. Moore, 13 Texas, 8; Kitchen v. Crawford, 13 Texas, 516; Snow v. Hawpe, 22 Texas, 168; Seguin v. Maverick, 24 Texas, 526; Schleicher v. Markward, 61 Texas, 99.)

If the transcript from the Justice's Court was imperfect, either party could have secured a perfect record by a writ of certiorari from the County Court to the justice of the peace.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and Remanded.*