## LEATHERS v. LEON COUNTY.  (No. 7966.)

(Court of Civil Appeals of Texas. Galveston. Dec. 14, 1920. Rehearing Denied Jan. 27, 1921.)

1. Eminent domain ⊜➝238(1)—Appeal to county court held not beyond its jurisdiction.

Under Const. art. 5, §§ 16, 22, and Vernon's Sayles' Ann. Civ. St. 1914, art. 6882, the county court had jurisdiction over an appeal of landowner, whose land was taken for road purposes, from the award of the commissioners' court of $150 damages, though the appellant claimed $2,830 as the value of the land taken.

2. Eminent domain ⊜➝238(4)—No appeal bond necessary in appeal from insufficient award for land taken for road.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6882, providing that owner whose land is taken for road purposes, if dissatisfied with award by commissioners' court, may appeal to the county court, as in cases of appeal from justices' courts, it is not necessary, on such appeal, that the landowner give an appeal bond.

Appeal from Leon County Court; C. D. Craig, Judge.

Proceeding by Leon County to lay out a road across the land of Mrs. M. C. Leathers. From decree of the commissioners' court awarding her insufficient damages, Mrs. Leathers appealed to the county court, which dismissed the cause, and she appeals. Reversed and remanded.

Watson & Dashiell, of Centerville, for appellant.

LANE, J. The nature of this suit may be stated as follows:

On the 29th day of July, 1919, a jury of view duly appointed by the commissioners' court of Leon county to lay out a third-class road through the land of Mrs. M. C. Leathers, plaintiff herein, gave due notice to Mrs. Leathers of the time and place when they would proceed to lay out said road. On the same day, Mrs. Leathers filed with said jury her claim for $2,830 as the value of the land proposed to be taken for road purposes. The claim of Mrs. Leathers was rejected by the jury of view, and they assessed her damages at the sum of $150.

On the 8th day of September, 1919, the commissioners' court of Leon county, in considering the report of the jury of view, disallowed the claim filed by Mrs. Leathers, approved the report of said jury of view, and entered a decree awarding to Mrs. Leathers the sum of $150 for the land taken. Mrs. Leathers appealed from such decree to the county court of Leon county, and there prayed that her claim of $2,830 be allowed.

At the December term, 1919, of said county court, the cause coming on for trial, Leon county, by its counsel, filed its plea to the jurisdiction of said court, and averred: First, that the plaintiff had filed neither an appeal bond nor cost bond, as required by law in such cases; and, second, that the claim sued for was for a sum over which said court had no jurisdiction, either original or appellate.

The plea to the jurisdiction was sustained and the cause was thereupon dismissed. Mrs. Leathers has appealed to this court and assigns the action of the trial court in sustaining appellee's plea to the jurisdiction, and in dismissing her suit without trial, as error.

[1] The assignments must be sustained. By section 16 of article 5 of the Constitution, the jurisdiction of the county court is prescribed, and by section 22 of the same article it is provided as follows:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts."

---

⊜➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

By article 6882, Vernon's Sayles' Civil Statutes 1914, the Legislature enlarged the jurisdiction of county courts by providing that when the commissioners court shall allow an owner, whose land is taken for road purposes, damages and adequate compensation, they shall proceed to have such road opened; but if such owner is not satisfied with the award of the commissioners' court he may appeal therefrom, as in cases of appeal from judgments of justices' courts, to the county court to have that court fix the amount of damages. It is, we think, thus made clear that the county court had appellate jurisdiction of this cause, and that the trial court erred in holding to the contrary. Edwards v. Morton, 92 Tex. 152, 46 S. W. 792; H. & T. C. Ry. Co. v. Red Cross Farm, 91 Tex. 628, 45 S. W. 375; Moody v. Hemphill, 192 S. W. 265; Taylor v. Travis County, 77 Tex. 333, 14 S. W. 137; Ry. Co. v. Baudat, 45 S. W. 939; Miller v. Wilbarger County, 26 S. W. 245; Bell v. Palo Pinto County, 29 S. W. 929.

Article 6863 of the Civil Statutes has no application to roads other than those designated as "first class roads leading from county seat to county seat," and therefore has no application to the issues presented by this appeal.

[2] It is well settled in this state that where no affirmative recovery is had against a plaintiff in a suit brought by him in a justice's court no appeal bond is necessary to entitle him to an appeal to the county court; (Edwards v. Morton, 92 Tex. 152, 46 S. W. 792; Ry. Co. v. Red Cross Farm, 91 Tex. 628, 45 S. W. 375) and as this appeal is governed by the same rule, it was not necessary for the purpose of conferring jurisdiction on the county court that an appeal bond should have been given by appellant to remove her suit from the commissioners' court to the county court.

For the reasons pointed out, the judgment of the county court is reversed, and the cause is remanded for trial.

Reversed and remanded.