## POTOMAC FIRE INS. CO. OF WASHINGTON, D. C., v. FINCK CIGAR CO.

### No. 8732.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

Rehearing Denied April 20, 1932.

T. M. West and Hardy & Hardy, all of San Antonio, for appellant.

Nowlin Randolph, of San Antonio, for appellee.

SMITH, J.

A question of jurisdiction has arisen in the case. It appears that appellee originally brought this suit against several defendants in the court of a justice of the peace to recover $154 from said defendants, jointly. Trial in the justice's court resulted in a judgment in favor of appellee as plaintiff against two of the named defendants, and against appellee as plaintiff as to the two remaining defendants.

Appellee as plaintiff appealed to the county court from the judgment against it in the justice's court, but filed no appeal bond in support of that appeal. If such appeal bond was required by law, then the county court obtained no jurisdiction of the cause, and, if the county court had no jurisdiction, then this court has none.

The question recurs, then, Was it necessary for the plaintiff to give bond as a basis of its appeal to the county court from a judgment denying recovery to it in the justice's court? The authorities seem to be uniform in holding that no bond is necessary to such appeal. It has been repeatedly so held by our Supreme Court (Houston & T. C. Ry. Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S. W. 375; Yarbrough v. Collins, 91 Tex. 306, 42 S. W. 1052; Edwards v. Morton, 92 Tex. 153, 46 S. W. 792, 793), and by the several Courts of Civil Appeals (Missouri, K. & T. R. Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 655; Albritton v. First Nat. Bank, 85 S. W. 1008; Samuels & Co. v. Morgan & Friedlander, 207 S. W. 338; J. A. Kemp Grocer Co. v. Keith, 48 S. W. 743; Brown v. Dutton, 38 Tex. Civ. App. 294, 85 S. W. 454; Willett v. Herrin, 161 S. W. 26), including this court (Thomas v. Hogan, 57 S. W. 300; Clifford v. Kohr, 61 S. W. 424; Karnes County v. Ray, 57 S. W. 76, 77; Feagan v. Barton-Parker Mfg. Co., 42 Tex. Civ. App. 373, 93 S. W. 1076; Karnes County v. Nichols, 54 S. W. 656; Johnson County Sav. Bank v. Midkiff & Caudle, 106 S. W. 1131). There seems to be no authority to the contrary. We therefore hold that the county court and this court had and have jurisdiction of the case on appeal.

Mrs. H. B. Childress owned and operated the "Harbor Drug Store" at Aransas Pass, She had the business insured against fire in the Potomac Fire Insurance Company, in the sum of $3,000. The business was totally destroyed by fire prior to April, 1929, and in due course the insurance company paid the full amount of the policy to Mrs. Childress. The policy was issued to and payable to "Harbor Drug Store, Mrs. H. B. Childress, proprietor." Mrs. Childress was the sole and exclusive owner of the business, and was entitled to the entire amount of the insurance.

It appears that Mrs. Childress' daughter, Mrs. Lillie Dowdy, worked in the drug store, with authority to purchase and pay for stock carried in the store.

The Finck Cigar Company sold a line of cigars to the store, through Mrs. Dowdy. When the store was destroyed by fire, the cigar company claimed that it had an unpaid account of $154 against the store. The agent of the company, finding that Mrs. Childress was the sole owner of the destroyed business, and of the insurance payable thereon, called on her and her daughter, Mrs. Dowdy, in regard to this account. He testified very vaguely about what transpired, but it is inferable from his testimony that on that occasion the two women, or one or the other of them, agreed to give him a written assignment of a sufficient amount of the insurance money to cover his account. No such assignment was made at the time. But later on Mrs. Dowdy did execute and send the cigar company the following document:

"Aransas Pass, Texas, April 30, 1929

"I herewith instruct William T. Kopperl, Agent of the Potomac Insurance Company,

Washington, D. C., to pay the Finck Cigar Company in San Antonio, Texas, $154.05, the amount of the account of the Harbor Drug due the Finck Cigar Company out of the proceeds of the insurance due on the fire loss of the Harbor Drug.

"[Signed]   Mrs. Lillie Dowdy."

The cigar company sent the document to appellant's agent at Aransas Pass, and the latter, when the company sent him check for the amount of the insurance, payable to Mrs. Childress, took the check and the assignment to the latter for the purpose of concluding the settlement of the insurance matter. When presented with the assignment by Mrs. Dowdy, Mrs. Childress repudiated it and denied Mrs. Dowdy's authority to bind her by such assignment, and demanded the full proceeds of the check, which the agent thereupon paid over to her, less the landlord's rental, which Mrs. Childress permitted to be deducted from the insurance money.

Subsequently, the cigar company brought this suit against Mrs. Dowdy, Mrs. Childress, the insurance company, and Kopperl, the agent of the insurance company, to recover solely upon said assignment; the suit was not upon any account or other debt, nor was any alleged or proved. The cigar company recovered jointly and severally against all the defendants, Kopperl recovered over against Mrs. Childress and Mrs. Dowdy, and the insurance company recovered over against all its codefendants. The insurance company alone has appealed.

The record shows that Mrs. Dowdy was such agent of Mrs. Childress as could bind the latter in ordinary matters arising in the operation of the drug business, such, for instance, as making the cigar account with appellee, cigar company. And by virtue of that transaction Mrs. Childress became liable to appellee on that account.

But Mrs. Dowdy's authority as an agent in the usual course of operation of the drug business could not be extended by implication so as to give her authority to appropriate the proceeds of the insurance policy in controversy. She had no such authority in fact; it was expressly and promptly repudiated by Mrs. Childress when the question first arose. She had no more implied authority to appropriate the proceeds of the insurance policy than she had to appropriate the proceeds of the sale of the stock of goods had it been made in bulk by Mrs. Childress.

There was no evidence of any oral assignment by Mrs. Childress, nor was any alleged. The most that can be said in favor of appellee is that Mrs. Childress promised to give it an assignment. But, if she made such promise, she did not perform it, and authorized no one to perform it for her. She repudiated the purported assignment made by Mrs. Dowdy, and directed the insurance company to disregard it. Had the insurance company recognized the assignment made by Mrs. Dowdy, a stranger to the contract, and had it paid the cigar company's account out of the amount due Mrs. Childress, over her protest, the latter could have recovered therefor from the insurance company. The latter was required under the contract to pay the amount thereof to Mrs. Childress, or her order. It did so, and could not be required to pay the amount again to a third party, a stranger to the contract, except upon a showing that Mrs. Childress had previously assigned the same to the third party, with notice to appellant. No such showing was made.

The judgment in favor of appellee against the insurance company will be reversed, and judgment here rendered that appellee take nothing by reason of its suit against said company. As none of the other defendants complain of or appeal from the judgment against them, that judgment must be affirmed.

Reversed and rendered in part, and in part affirmed, at the cost of appellee.

### On Motion for Rehearing.

FLY, C. J.

I thought when this case was submitted that, in the absence of an appeal bond being filed in the county court, when the case was attempted to be appealed from the justice's court, the county court had no jurisdiction. I am aware of the fact that in one case the Supreme Court held that an appeal bond was not required by the statute when the plaintiff failed to recover. That decision has been followed by several Courts of Civil Appeals. Houston & T. C. Ry. Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S. W. 375; Kemp Grocer Co. v. Keith (Tex. Civ. App.) 48 S. W. 743; Thomas v. Hogan (Tex. Civ. App.) 57 S. W. 300; Clifford v. Kohr (Tex. Civ. App.) 61 S. W. 424, and others.

If a losing plaintiff is not required to give an appeal bond from a judgment of a justice's court, with equal reason and propriety a losing plaintiff could not be required to make an appeal bond from the county or district court to the Court of Civil Appeals, for bonds for costs can be required in those courts as in the justice's courts. It may be remembered also that all cases appealed from the county to the district court are tried de novo, and the other so-called reason could be invoked in such appeals. The rule laid down by the decisions is not only unreasonable but subversive of the appellate laws of the state.

The statute as to appeals from the justice's courts to county courts is explicit in requiring all appellants to give appeal bonds, except those not required by law to give such bonds. Article 2456, Revised Statutes. Those not required to give bonds are specially set out in another article including, among others, administrators or executors. No plaintiff is

excepted when he loses his suit. The reasons offered for engrafting such an exception are that the plaintiff can be required by the defendant to give a cost bond, and it is unnecessary for him to give another, and that the trial is de novo in the county court. The latter is, of course, without any reason whatever. In answer to decisions enlarging the positive provisions of a statute, it is sufficient to call attention to the Constitution, which has distinctly laid down the powers and authority of courts, and prescribed that one branch of the state government must not invade the prerogatives of another. If the statute needs amending, the Legislature alone can do it. The decisions are clearly attempts to assume legislative functions.

I do not desire to file a dissent to the opinion herein filed of Associate Justice SMITH, who is following the decisions rather than the statute, but I do protest against the judge-made law involved in those decisions which is without legislative sanction.