HOBBS v. DOWNING et al

No. 5248.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1941.

R. L. Graves, of Brownfield, for appellant.

L. C. Heath, of Brownfield, for appellees.

JACKSON, Chief Justice.

The record shows that W. B. Downing and H. H. Longbrake as partners owned and operated the partnership business of the Brownfield Hardware Company in Brownfield, Texas. They were plaintiffs in Cause No. 720 in Justice Court, Precinct No. 1, in Terry County, Texas, and as such on May 28, 1937, obtained a joint and several judgment in said court against S. E. Maroney and J. C. Tyson for the sum of $180, together with all costs.

No appeal was prosecuted from this judgment; it became final but was never paid and on December 13, 1939, plaintiffs made application for, and had issued on said judgment, a writ of garnishment which was served against Clarence Hobbs requiring that he answer what if any effects he had in his possession belonging to the defendant S. E. Maroney. He answered that he had nothing in his possession belonging to S. E. Maroney and did not owe him any money.

The plaintiffs in garnishment replied alleging that they believed and had good reason to believe that the garnishee did at the time the writ was served on him have property in his possession belonging to S. E. Maroney. On December 23, 1939, the case was tried in the Justice Court of Precinct No. 1, in Terry County, and judgment rendered that plaintiff take nothing by his suit against Clarence Hobbs who was adjudged to go hence with his costs.

The plaintiff prosecuted an appeal to the county court and in due time the case was tried without the intervention of a jury and the court found in his judgment that in the year 1935 S. E. Maroney owned two cows and made a contract with Clarence Hobbs whereby he was to take the cows, attend to, and care for them for the milk and one-half of the increase; that about the 1st day of January, 1937, S. E. Maroney delivered to Hobbs three more cows on a similar agreement but advised him then that he had given the cows and his part of the increase to his daughter, Vivian Maroney; that as a result of these agreements the garnishee had in his possession belonging to S. E. Maroney eight head of cows and two two-year old heifers each of which is worth the reasonable cash market value of $25, or a total of $250; that S. E. Maroney voluntarily gave the above-described cattle to his daughter, Vivian, on the 14th day of October, 1936, and said gift or conveyance was not for a consideration deemed valuable in law and was made subsequent to the time of the accrual of

plaintiffs' debt, which was the basis of the judgment obtained in Cause No. 720.

The court concluded as a matter of law that the voluntary gift or conveyance orally made by S. E. Maroney to his daughter, Vivian, was void since he had no other property at the time subject to execution out of which plaintiffs could make their debt that existed previous to the gift or conveyance, which made plaintiffs prior creditors under the statute. On these findings the court rendered judgment against the garnishee to the effect that the ten head of cattle in his possession were the property of S. E. Maroney and subject to the payment of the judgment of plaintiffs and the garnishee should deliver them to the officer into whose hands an order of sale was placed. He also directed the clerk to issue an order of sale commanding the sheriff or any constable to take possession of the cattle, sell them as under execution and make due return to the court of his action therein us provided by law, from which judgment this appeal is prosecuted.

The appellant challenges the jurisdiction of the county court to render judgment against him because the plaintiffs in their appeal from the judgment in garnishment against them in justice court failed to file bond to perfect their appeal of the case to the county court.

The record shows that no appeal bond was filed in the justice court and if the filing of such bond is a prerequisite to the jurisdiction of the county court the appellant's contention is correct.

In Leathers v. Leon County, Tex.Civ. App., 228 S.W. 658, 659, the court says: "It is well settled in this state that where no affirmative recovery is had against a plaintiff in a suit brought by him in a justice's court no appeal bond is necessary to entitle him to an appeal to the county court; (Edwards v. Morton, 92 Tex. 152, 46 S.W. 792; [Houston & T. C.] Ry. Co. v. Red Cross Farm, 91 Tex. 628, 45 S.W. 375) and as this appeal is governed by the same rule, it was not necessary for the purpose of conferring jurisdiction on the county court that an appeal bond should have been given by appellant to remove her suit from the commissioners' court to the county court."

In Houston & T. C. R. Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S.W. 375, the syllabus summarizes the holding of the court in this language: "In an action be-

fore a justice, it was adjudged that the plaintiff recover nothing by his suit; and judgment was rendered against him for costs, but no other judgment was entered against him. Held, that he was entitled to an appeal without filing an appeal bond, under Rev.St. 1895, art. 1670, providing for a bond in 'double the amount of the judgment' ".

To the same effect is the holding in Zwernemann v. Loving, Tex.Civ.App., 120 S.W.2d 140.

■ Under the findings of the court these decisions, in our opinion, settle adversely to appellant his contention.

The appellant also says in a proposition that if he be correct in his first assignment the court erred in rendering judgment against him for any property because there was no property or effects in the hands of the garnishee belonging to S. E. Maroney at the time of the service of the writ. Article 3997, Vernon's Annotated Texas Civil Statutes, so far as applicable to this appeal, is as follows: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts."

■ Under the court's finding, which is amply supported by the testimony, no consideration deemed valuable in law was paid to S. E. Maroney by his daughter for the cattle and the gift or conveyance was made subsequent to the time the debt of plaintiffs which was later reduced to judgment, was created.

In Rector et al. v. Continental Bank & Trust Co., 180 S.W. 309, 311, this court, speaking through Chief Justice Huff, said: "If it should be shown by the evidence that the father was at the date of the gift, or either of them, indebted and was not possessed of property sufficient to pay his existing debts, the gift then so made as to such existing creditor would be void. Art. 3967, R.C.S.; Maddox v. Summerlin, 92 Tex. [483], 486, 49 S.W. 1033, 50 S.W. 567."

This contention is overruled.

■ The appellant also contends that in no event could the appellees obtain a valid judgment since this was a proceeding in garnishment under which the relief granted could not be adjudged.

In Willis et al. v. Yates, 12 S.W. 232, 233, the Supreme Court holds that: "The use of a writ of garnishment for reaching assets fraudulently conveyed by a debtor is unusual; but, while it is ordinarily true that a plaintiff in garnishment does not acquire any right against the garnishee other than the defendant debtor might have enforced, such procedure is recognized to be proper when the garnishee has received property from the debtor under a conveyance fraudulent as to creditors. This is upon the theory that such conveyances are inoperative as to creditors."

See, also, 20 Tex.Jur. 729, para. 27.

Finding no error presented in the record, the judgment is affirmed.