**WEBSTER v. MOORE.**

No. 5507.

Court of Civil Appeals of Texas. Amarillo.

Jan. 11, 1943.

C. Land, of Memphis, for appellant.

No briefs filed for appellee.

FOLLEY, Justice.

This suit originated in the Justice Court of Hall County. In that court the appellant, J. W. Webster, operator of a tourist camp, sued the appellee, W. A. Moore, for a debt of $42, for past due rent and for foreclosure of an alleged lien upon certain household goods of the alleged value of $75. The appellee, in a counterclaim, sought judgment against the appellant for the sum of $200 for damages alleged to have been sustained by him in connection with the levy of a writ of sequestration upon the household goods.

The trial in the justice court resulted in a judgment denying the appellant a recovery for his debt and denying the appellee a recovery for his damages, but adjudged the costs against the appellant. From that judgment the appellant removed the cause to the county court where new written pleadings were filed by the parties, each seeking the same relief as in the justice court except that the appellant increased his claim to $43. In addition to his cross action for $200, the appellee filed a motion in the county court to dismiss appellant's suit because of the absence of an appeal bond from the justice court and also because of the absence of some of the original papers, which were not specified in such motion. The court sustained the motion to dismiss and, in the order of dismissal and the findings and conclusions, assigned as reasons therefor the fact that no cost bond had been filed in the justice court, that no appeal bond had been filed seeking to remove the case to the county court, and that the writ of sequestration did not appear in the papers filed in the county court.

The appellant has appealed from the order of dismissal and contends that none of the reasons assigned by the court warranted the judgment of dismissal. In these contentions we think the appellant is correct.

 The transcript from the justice court shows that the appellant deposited $10 with the justice of the peace for costs in that court, which was sufficient to pay the costs therein. Apparently, no complaint was made in the justice court for lack of a cost bond or on account of the insufficiency of the deposit. The procedure of depositing money in lieu of a bond for costs is authorized by Rule 146 of the Rules of Civil Procedure. Moreover, the failure to give security for costs is not a jurisdictional matter. If the appellee or any interested officer had desired additional security, the procedure outlined in Rule 143 was available to him or he might have required an additional deposit as provided in Rule 146. Hulme et al. v. Levis-Zuloski Mercantile Co., Tex.Civ.App., 149 S.W. 781.

The rule is also well settled that a plaintiff against whom no judgment is rendered except for costs may appeal without giving an appeal bond from a judgment in the justice court allowing him nothing or only a part of his claim. Clifford v. Kohr et al., Tex.Civ.App., 61 S.W. 424; Voges v. Dittlinger et al., Tex.Civ.App., 72 S.W 875; Edwards v Morton, 92 Tex. 152, 46 S.W. 792; Houston & T. C. R. Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S.W. 375; Yarbrough v. Collins, 91 Tex. 306, 42 S.W. 1052; Potomac Fire Ins. Co. of Washington, D. C. v. Finck Cigar Co., Tex. Civ.App., 48 S.W.2d 507. It is only where the judgment in the justice court is against plaintiff for money in addition to costs that an appeal bond or affidavit in lieu thereof is necessary to enable him to remove the cause to the county court. Wilson v. New Orleans, T. & M. Ry. Co. et al., Tex.Civ.App., 298 S.W. 300; Dupree v. Massey, Tex.Civ.App., 180 S.W. 668.

The record shows that the writ of sequestration was lost or misplaced but does not definitely reveal whether its loss occurred before or after the justice of peace filed the transcript and original papers with the county clerk. This lost paper, regardless of when it was lost, should not deprive the appellant of his right to appeal and, in our judgment, its disappearance does not present a question of jurisdiction. If such instrument is material to appellant's cause of action, the loss thereof may be supplied as provided in Rule 77. Wells v. Driskell, 105 Tex. 77, 145 S.W. 333; Patrick v. Pierce, 107 Tex. 620, 183 S.W. 441.

We thus conclude that the trial court erred in dismissing the cause. The judgment is therefore reversed and the cause remanded.