S. SAMUELS & CO. v. MORGAN & FRIEDLANDER et al. (No. 1990.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1918. Rehearing Denied Oct. 10, 1918.)

JUSTICES OF THE PEACE ☞159(1)—APPEAL TO COUNTY COURT—BOND.

Plaintiff, who recovered in justice court against one of the joint defendants, but lost against the other, had a right to appeal without bond to the county court, since the purpose of an appeal bond is to secure the successful party in the preservation of what he recovered in the justice court, so that, unless the judgment awards defendant some relief amounting to more than a defeat of plaintiff's suit, defendant has nothing requiring the protection of such a bond.

Appeal from Gregg County Court; E. M. Bramlett, Judge.

Suit by Morgan & Friedlander and others against S. Samuels & Co. and another. From judgment in justice court for the named defendants, plaintiffs appealed to the county court, which gave judgment for them against all defendants, and the named defendants appeal. Affirmed.

M. L. Cunningham, of Longview, for appellants.

W. C. Shoults, of Longview, for appellee Morgan & Friedlander.

Riley Strickland, of Longview, for appellee Cain.

HODGES, J. The appellees sued W. T. Cain and the appellants Samuels & Co. in the justice court of precinct No. 1 of Gregg county for the conversion of a bale of cotton alleged to be of the value of $102. Cain resided in Gregg county, and the appellants composing the firm of Samuels & Co. resided in Harrison county. Among other defenses,

---

Samuels & Co. filed a plea of privilege claiming the right to be sued in the county of their residence. In the trial in the justice court that plea was sustained, but judgment was rendered in favor of the appellees against Cain for the full amount sued for.

The appellees appealed without bond to the county court. Appellants Samuels & Co. there moved to dismiss the appeal because no bond had been filed. The motion was overruled, and the trial which followed resulted in a judgment in favor of the appellees against all the defendants for the amount sued for. There was no error in overruling the motion to dismiss the appeal upon the ground that no bond had been filed. Since the decision in H. & T. C. R. R. Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S. W. 375, the right of a plaintiff who loses in the justice court to appeal without bond to the county court has been unquestioned. The fact that the plaintiff in this instance recovered a judgment against one of the defendants does not alter the rule. If the plaintiff recovers only a part of what he sued for, he may still appeal without bond. Edwards v. Morton, 92 Tex. 152, 46 S. W. 792. For the same reason, he may appeal in like manner if he recovers against only one of the joint defendants. The purpose of an appeal bond is to secure the successful party in the preservation of what he recovers in the justice court during the pendency of the litigation in the county court. Unless the judgment in the justice court awards the defendant some relief which amounts to more than a mere defeat of the plaintiff's suit the defendant has nothing which requires the protection of such a bond. The evidence in this case was sufficient, not only to show a conversion by Samuels & Co. in Gregg county, but one in which they were jointly liable with their codefendant, Cain, who resided in that county.

The judgment of the county court will be affirmed.