THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



GROVER SELLERS
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable W. C. Huffaker, Jr.
District Attorney
106th Judicial District
First National Bank Building
Tahoka, Texas

Opinion No. 0-6482
Re:  Violations of various
Statutes relating to
payment of poll taxes.

Dear Sir:

  We are in receipt of your letter of recent date in which you outline at some length certain facts, and upon which you predicate the following questions and seek our opinion thereon:

  "1. Where a person who procures an authorization for the paying of poll tax as provided for in Article 2961 of Revised Civil Statutes of Texas, and who then takes such authorization and his own money or money not furnished by the taxpayer and pays the poll tax of said individual, does he violate the provisions of Article 203 of the Penal Code of Texas."

  "2. Where an individual who takes an authorization for the paying of poll tax of an individual as provided for in Article 2961, Revised Civil Statutes of Texas, which said authorization is signed by the father of the taxpayer and by the father-in-law of the taxpayer without any knowledge on the part of the taxpayer that his father and/or her father-in-law is making such authorization and said individual takes such authorization signed by another person to the tax collector and procures the poll tax receipts, has such person violated the provisions of Article 203 of the Penal Code of Texas?"

  "3. Where an individual takes an authorization blank as provided for in Article 2961, Revised Civil Statutes of Texas, and induces a taxpayer to permit him to procure his poll tax receipt for him, telling said taxpayer that he will get his receipt for him, and after said taxpayer has agreed for said individual

to get his poll tax receipt, and after said taxpayer has answered questions in regard to his age, residence, etc., which the individual writes into the authorization blank, and the taxpayer then signs said authorization blank believing that said individual is going to procure his poll tax receipt for him, then said individual, instead of procuring said poll tax receipt himself and instead of putting his name in the authorization blank, writes the name of another person unknown to the taxpayer, and said other person then takes such authorization to the tax collector and procures the taxpayer's poll tax receipt, has either the individual who procured the authorization or the individual who paid the poll tax violated the provisions of Article 203 of the Penal Code of Texas?

"4. Where an individual takes an authorization blank as provided for in Article 2961, Revised Civil Statutes of Texas, and induces a Mexican who is not a citizen of the United States, having been born in Mexico to allow him to pay said Mexican's poll tax and procure his receipt therefor, and said Mexican in answering questions in reference to his age, nativity, etc., informs the individual that he is not a citizen of the United States, and that he was born in Mexico, but the individual, instead of writing the answers, as given by the Mexican, in the blanks states that the Mexican was born in Texas, and then after procuring the Mexican's signature thereto takes said authorization blank to the tax collector and procures a poll tax receipt for said Mexican, using his own money for the paying of said poll tax, has such individual violated the provisions of Article 203 of the Penal Code of Texas, or other articles in regard to the paying of poll tax?"

For the purposes of this opinion, we take it that the above facts are susceptible of proof.

Chapter 2 of Title 6 of the Penal Code of Texas contains the penal provisions of our laws relating to poll taxes and the payment thereof. We quote several articles deemed applicable to your problems:

"Art. 201. 229 Becoming agent to obtain receipt, etc.

"Whoever knowingly becomes agent to obtain a poll tax receipt or certificate or exemption except as provided by law, or any one who gives money to another to induce him to pay his poll tax, shall be fined not exceeding five hundred ($500.00) dollars.

"* * *

"Art. 203, 233 Unlawfully paying poll tax of a citizen.

"Any candidate for office or other person who pays or procures another to pay the poll tax of a citizen, except as permitted by law, shall be confined in the penitentiary not less than two nor more than five years.

"Art. 204. 239 Loaning money to pay.

"Whoever loans or advances money to another knowing it is to be used for paying the poll tax of such other person shall be fined not to exceed five hundred dollars."

As the county of your district wherein the facts as alleged by you are said to have application does not contain any city in which the population exceeds ten thousand inhabitants, the mode of paying poll taxes is governed by the provisions of Article 2961, Revised Civil Statutes of Texas, as amended by the Acts of 1941, 47th L gislature, Chapter 132, p. 183. That article reads as follows:

"Art. 2961. 2944 Mode of paying poll tax.

"If the taxpayer does not reside in a city of ten thousand (10,000) inhabitants or more, his poll tax must either be paid by him in person or by some one duly authorized by him in writing to pay the same, and to furnish the Collector the information necessary to fill out the blanks in the poll tax receipt. Such authority and information must be signed by the party who owes the poll tax, and must be deposited with the Tax Collector and filed and preserved by him. A taxpayer may pay his poll tax by a remittance of the amount of the tax through the United States mail to the County Tax Collector, accompanying said remittance with a statement in writing showing all the information necessary to enable the Tax Collector to fill out the blank form of the poll tax receipt, which statement must be signed by the party who owes the poll tax under oath, but the husband may sign for the wife and in like manner the wife may sign for the husband, and the Tax Collector shall issue and mail to the taxpayer at his last known address a poll tax of his wife and receive the receipt therefor.

In like manner the wife may pay the poll tax of her husband and receive the receipt therefor. The Assessor and Collector of Taxes may at such places as shall in his discretion be necessary or advisable, have a duly authorized and sworn deputy for the purpose of accepting poll taxes and giving receipts therefor."

The form of a poll tax receipt is prescribed in Article 2965, Revised Civil Statutes, as amended, and said amended article reads as follows:

"Art. 2965, 2949-50 Form of receipt.

"Each poll tax receipt and its duplicate shall show the name of the party for whom it was issued, the payment of the tax, the age and race of the taxpayer, and length of time the taxpayer has resided in the State and whether the taxpayer is a citizen of the United States, and if so, whether a native born or a naturalized citizen of the United States, and the State of the United States or the foreign country where the taxpayer was born, the length of time the taxpayer has resided in the county, the voting precinct in which the taxpayer lives, except when in an unorganized county, the taxpayer's occupation and post office address, or if living in an incorporated city, the ward, street, and number of residence in such city or town. The poll tax receipt shall be in the following form and numbered consecutively in each book provided for in this title:

"Poll tax Receipt No. _____
State of Texas
County of _____

"Received of _____ on the _____ day of _____, A.D. _____, the sum of $_____ in payment of poll tax for year A.D. 19___, the said taxpayer being duly sworn by me, says that he (she) is _____ years old, that he (she) resides in voting precinct No. _____., in _____ County, Texas, that his (her) race is _____, that he (she) is a native born (naturalized) citizen of the United States, and was born in _____ County, _____ State, that he (she) has resided in Texas _____ years and in _____ County _____ years, that he (she) is by occupation _____ and that his (her) postoffice address is _____

(if in any incorporated city or town, a blank work must be printed for the ward, street, and number of residence in lieu of his (her) post-office address, and length of time he (she) has resided in such city or town).

"All of which I certify:  Signed _____
(Seal)

"If from the information on the poll tax receipt above required it appears that the party receiving the same is an alien, he shall be given a receipt from a book specially prepared for alien taxpayers, which book is hereafter provided in this Title, and the Tax Collector and the Commissioners Court or other authorities providing said poll tax receipt shall have printed on the face of said receipt the word 'alien', which said printing shall not be less than two (2) inches in height, superimposed in outline type, and printed in red ink."

Further reference to the alien poll taxes, alluded to in the above article, is to be found in Article 2970, as amended, Revised Civil Statutes, and Article 2975, as amended not necessary to be copies here.  Reference is also made to Articles 200a-2 and 200a-3, Vernon's Annotated Penal Code.

Article 200a-2 (Acts 1939, 46th Leg., p. 296 (5) reads:

"Any taxpayer who shall make any false state-ment to procure a poll tax receipt or falsely answers any of the questions as set out in Section 1, Article 2965, as hereinabove set forth, shall be deemed guilty of false swearing and upon con-viction shall be punished by confinement in the State Penitentiary not less than one nor more than three (3) years."

We shall now undertake to answer your questions.

As we understand your first question, the individual you mention procured the "authorization" in form and substance in full compliance with the requirements of Article 2961, supra. However, instead of the taxpayer furnishing the money from his funds with which to pay the same, the individual acting as agent, supplied the funds.

It appears that our problem is to determine what is meant by the words "authorized - - to pay the same", as used

in Article 2961, V.A.C.S., supra, in reference to the mode of paying a poll tax by an agent. If these words mean that the agent, after securing a proper authorization from the taxpayer, may use or furnish his own money to pay said poll tax, then, of course, such payment would be "permitted by law" and the agent-payor would not be amendable to said Penal Statute 203, supra.

However, for reasons hereinafter expressed, we do not believe such is the meaning of said words. The fundamental rule for which all the others are made and applied, is that in construing a statute the object is to ascertain and give effect to the intention of the Legislature. See Parshall v. State, 62 Tex. Cr. R. 177, 138 S. W. 759. Our Supreme Court, in the case of Edwards v. Morton, 92 Tex. 152, 46 S.W. 792, tersely and pertinently says:

"The intention of the Legislature in enacting a law is the law itself."

It also has been said by our appellate court (Parshall v. State, supra) that it is presumed that each part of a statute is intended to coact with every other part; that no part is intended to antagonize the general purpose of the enactment; and that to ascertain the legislative intent every part of an act, and other acts in pari materia, are to be considered.

It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as "in pari materia." 39 Tex. Jur. p. 253.

In this connection we point out that in the 1925 revision of our statutes the provisions of the "Terrell Election Law", as amended, were incorporated, and such provisions then appeared, in respect to the matter now in question, substantially as they now appear. Article 2961, Revised Civil Statutes of 1925, provided that the poll tax of a taxpayer not residing in a city of ten thousand (10,000) inhabitants or more "must either be paid by him in person or by some one duly authorized by him in writing to pay the same, . . ." Article 2963, R.C.S., 1925, provided that "when, in cases permitted by this title, the tax is paid by an <u>agent</u>, the tax receipt shall not be delivered to such agent, . . ." Articles 201, 203, and 204, Penal Code 1925, supra, were restrictions enacted to prevent "designing persons, by advances of money with assurances of that return which gratitude or self-interest would prompt" from being clothes with the certificate of the voter and turned loose as the deciding power of our elections to

sap the foundations and undermine the laws of our free institu-
tions. (See Solon V. State, 54 Tex. Cr. R. 261, 114 S.W. 160)
We believe the underlying principle of all these provisions
was to prevent any person having a "proprietorship" over any
taxpayer by reason of having paid or advanced money for the
payment of such taxpayer's poll tax. We cannot see any good
reason why the onus of "proprietorship" is removed by reason
of the taxpayer's "consent" being obtained in writing, nor do
we believe that this was the intention of the Legislature when
Article 2961, R.C.S., supra, was incorporated in our laws.
On the contrary, it is our firm conviction that the Legisla-
ture intended by the use of the words "authorized . . . to
pay the same", in said Article 2961, supra, to merely authorize
an agent, duly authorized in writing, to deliver the taxpayers
own money and the necessary information to the tax collector.
This, we believe, is in harmony with the general purpose of
our laws in regard to the protection of the purity of the ballot.

Therefore, it is the opinion of this department that the
"payment" as described in your first question is not "permitted
by law"; that such situation is amenable to Article 203, Penal
Code, supra; and your question No. 1 is answered in the affirma-
tive.

In your second question where you say the authorization
is signed by the father of one taxpayer and the father-in-law
of another, the individual paying the poll tax is certainly
not complying with the provisions of Article 2961, R.C.S.
The statute is specific that such authorization must be "by
him in writing", and even more specifically "must be signed
by the party who owes the poll tax."

We, therefore, hold that the individual to whom you refer
in your second question as having obtained authority from the
father or father-in-law of the taxpayer, is amenable to pro-
secution under Article 203, Penal Code.

In considering your third question, we note the language
of Article 2961, Revised Civil Statutes, supra, that if the
taxpayer does not pay the poll tax himself, it may be paid
by "someone duly authorized by him in writing to pay the same."
Under your statement of the facts, the person who was in truth
"duly authorized" did not pay the tax collector; he substi-
tuted still another party who actually paid the money. Cer-
tainly here too, the individual paying the poll tax is not
complying with the provisions of Article 2961, R.C.S., and
he is not "permitted by law" to make such payment except as
explained hereinbefore in answer to your first question. It
is our belief that the person actually making the payment,
under such circumstances, would be amenable to prosecution
under Article 203, Penal Code.

With reference to the person who obtained the authority, and then passed it on to a third person who actually paid the poll tax, your attention is invited to the language of Article 203, which prohibits the procuring of another to pay the poll tax. The statute on this point reads:

> "Any .... person who ... procures another to pay the poll tax of a citizen, except as permitted by law, shall be confined in the penitentiary . . . etc."

The person who actually contacted the taxpayer evidently "procured" the person who actually paid the poll tax to do so, and under our interpretation of Article 2961, the authority should be directed to a specific person.

It is therefore our opinion that both the person who solicited the authority and the one actually paying the poll tax would be subject to prosecution under Article 203, Penal Code.

The fact situation disclosed by your fourth and last question would seem clearly to come within either Articles 201 or 204 of the Penal Code.

He would be subject to Article 201 because he does not comply with Article 2961, R.C.S., supra, in becoming the agent to obtain the poll tax receipt. He would not be amenable under Article 203 because he does not pay the poll tax of a "citizen", the Mexican under your statement not having been naturalized under the laws of the United States, and having been born in Mexico.

He would be subject to prosecution under Article 204, because that article does not restrict its application to be a "citizen", but he would not seem to be advancing money to pay the poll tax of "such other person."

In closing this opinion we do not feel it amiss to direct your specific attention to the provisions of Article 2963, Revised Civil Statutes, as amended. It is there specifically stated:

> "When in cases permitted by this Title, the tax is paid by an agent, the tax receipt shall not be delivered to such agent, but shall be sent by mail to the taxpayer or kept and delivered to him in person by the Tax Collector . . ."

In this connection, reference is also directed to the provisions of Article 199, Penal Code, reading as follows:

"Art. 199.   238 Tax collector unlawfully delivering receipt.

"Any tax collector who delivers a poll tax receipt or certificate of exemption to any one except the one entitled thereto and at the time when the tax is paid or the certificate of exemption is applied for, except as specially permitted by law shall be fined not less than one hundred nor more than one thousand dollars, and shall be removed from office."

We mention the above two statutes because in your opinion request you refer repeatedly to the procurement of the tax receipts by the persons paying the same for others.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

By
Robert L  Lattimore, Jr.
Assistant

BW:zd