

# The Attorney General of Texas

October 10, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
LBJ State Office Building
Austin, Texas 78774

Opinion No. MW-256

Re: Assessment ratio applicable in calculating the alternative state franchise tax base in article 12.01(1)(b), Taxation General

Dear Mr. Bullock:

You inquire about the proper method of determining the value of property owned by corporations in this state in order to determine their franchise tax liability under article 12.01(1)(b), Taxation-General. This statute provides that corporations shall pay franchise tax according to whichever of three alternative methods yields the greatest tax:

(1) Except as otherwise provided in this chapter, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas or doing business in Texas shall file such reports as are required by Articles 12.08 and 12.19 and pay to the Comptroller a franchise tax for the period from May 1 of each year to and including April 30 of the following year, based on whichever of the following Subsections (a), (b), or (c) shall yield the greatest tax:

(a) Basic Tax. Four Dollars and Twenty-five Cents ($4.25) per $1,000 or fractional part thereof applied to that portion of the sum of the stated capital, surplus, and undivided profits the sum of which for the purposes of this chapter is hereafter referred to as 'taxable capital,' allocable to Texas in accordance with Article 12.02. As used in this chapter, the phrase 'stated capital' shall have the same meaning as defined in Article 1.02 of the Texas Business Corporation Act;

(b) Four Dollars and Twenty-five Cents ($4.25) per $1,000 or fractional part thereof applied to the

assessed value for county ad valorem tax purposes of the real and personal property owned by the corporation of this state; or

(c) Fifty-five Dollars ($55).

At present, 4.7 percent of all corporations pay the amount of tax determined under article 12.01(1)(b). See "S.B. 621; Implications for the State Franchise Tax," Fiscal Notes, (May, 1980) (publication of Comptroller's Office of Planning and Research). You wish to know how the tax should be computed under article 12.01(1)(b) after the effective dates of the following provisions of the Property Tax Code:

Section 26.02. ASSESSMENT RATIOS PROHIBITED. Except as provided by Section 26.03 of this code, the assessment of property tax for taxation on the basis of a percentage of its appraised value is prohibited. All property shall be assessed on the basis of 100 percent of its appraised value.

Section 26.03. STATE ASSESSMENT RATIO. The assessment ratio for calculating taxes for state purposes is .0001 percent.

Section 26.03 took effect on January 1, 1980 and section 26.02 will take effect on January 1, 1981. Acts 1979, 66th Leg., ch. 841, $3(g), (i), at 2315. You specifically inquire whether the assessment ratio for calculating the alternative state franchise tax base provided in article 12.01(1)(b) Taxation-General will be 100% or .0001%.

Prior to passage of the Property Tax Code, each county assessed real property at some percentage of appraised market value and this assessed value became the basis for the alternative computation under the franchise tax. In enacting the Property Tax Code, the Legislature placed all units of government on a market value basis and declared assessment ratios unlawful except for computation of state taxes. Because of the invalidation of assessment ratios, a county's assessed value within the meaning of art. 12.01(1)(b) becomes fair market value since counties will cease to have any assessment ratio yielding an assessed value different from market value. However, it is clear that the county assessed value is used to calculate a state tax and therefore applying the Property Tax Code as written, the county market value is to be used but the state assessment ratio provided in section 26.03 thereof is then applied to determine the assessed value for state tax purposes within the meaning of article 12.01(1)(b).

Not only does this construction give effect to the language of both statutes, but it also complies with the clear legislative intent of the 66th Legislature. In construing the provisions of the Property Tax Code together with article 12.01(1)(b), it is necessary not only to give effect to the language of both statutes but also to consider Legislative history, the reasons for enactment of the statute, and the consequences of a particular construction. See art. 5429b-2, $3.03(1), (3), (5), V.T.C.S. An analysis of the legislative

history of the Property Tax Code fails to reveal any intent to affect the franchise tax computation based on real estate at all. Nowhere in the fiscal note, debate or public discussion was any mention made of increasing the franchise tax or changing the basis of computing the tax from some percentage of market value. See Fiscal Note of May 16, 1979, bill file for Senate Bill 621, Legislative Reference Library.

While it might be argued that 12.01(1)(b) requires that the franchise tax be computed on the county assessed value, and in view of the repeal of assessment ratios that that value is now 100% of market value, it is clear that was not a consequence intended by the Legislature from both the language of section 26.03 and the legislative history behind the statute. Even if the statute were subject to that construction, we would feel compelled to follow the rule that where interpretation of a statute leads to consequences which the Legislature did not contemplate, the courts (and this office) will adopt a construction consistent with the intention of the Legislature in passing the legislation. As the Supreme Court of Texas held long ago in Edwards v. Morton, 46 S.W. 792, 793 (Tex. 1898):

> The intention of the legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of a statute when it leads away from the true intent and purpose of the legislature, and to conclusions inconsistent with the general purpose of the act. . . .

This principle has been reaffirmed in numerous cases since that time and is the guiding principle in making statutory interpretations.

It is the duty of this office and the courts of this state to follow the paramount rule of statutory construction, and that is to determine and follow the legislative intention in enacting a particular statute. See Calvert v. British-American Oil Producing Co., 397 S.W. 2d 839, 842 (Tex. 1965); City of Mason v. West Texas Utilities Co., 237 S.W. 2d 273, 278 (Tex. 1951); State v. Dyer, 200 S.W. 2d 813, 815 (Tex. 1947); Gilmore v. Waples, 188 S.W. 1037, 1038 (Tex. 1916); Tex. - Louisiana Power Co. v. Farmersville, 67 S.W. 2d 235, 237 (Tex. Comm'n App. 1933).

In enacting sections 26.02 and 26.03, we believe that the Legislature intended to declare all assessment ratios, other than assessment ratios for state tax purposes, invalid and had no intent to affect franchise tax collections or the alternative basis of the computation of that tax under 12.01(1)(b). We hold that these statutes should be construed consistently and in a manner to minimize any unintended effect on franchise tax collections.

Section 26.03 applies the .0001 percent assessment ratio to the calculation of "taxes for state purposes." We construe the quoted language to include the state franchise tax. It is our opinion that you should use the .0001 assessment ratio in calculating the state franchise tax under article 12.01(1)(b), Taxation-General.

## S U M M A R Y

Franchise tax liability under article 12.01(1)(b), Taxation-General, is to be computed on the basis of .0001 percent of the appraised value of the corporation's property.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Rick Gilpin